FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TENNANCE B., | NO. 1:25-CV-3124-TOR |
| Plaintiff, | |
| | ORDER OF REVERSAL AND REMAND |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

BEFORE THE COURT is Plaintiff's Motion for judicial review of Defendant's denial of his application for Title XVI under the Social Security Act (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Commissioner's denial of Plaintiff's application for benefits under Title XVI of the Social Security Act is REVERSED and the matter is REMANDED for further proceedings.

ORDER OF REVERSAL AND REMAND~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

## STANDARD OF REVIEW

It is the administrative law judge's (ALJ) job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).  The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error." *Lambert*, 980 F.3d at 1277 (quoting *Treichler.*, 775 F.3d at 1098) (internal quotations omitted).  On that note, it is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected.  *Id.*

The Court reviews the agency's findings to determine whether they are supported with substantial evidence.  *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g).  In this context, the threshold is not high.  *Biestek*, 587 U.S. at 103.  Substantial evidence is present when there is "'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103.  In other words, "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103

(quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

The Commissioner uses a five-step sequential process to decide whether a

claimant is considered disabled.  20 C.F.R. § 416.920(a)(1).  The Commissioner

considers all evidence in the record to make this determination.  20 C.F.R. §

416.920(a)(3).  Disability is defined "as the inability to do any substantial gainful

activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a).

This requires a severe impairment that makes the claimant unable to complete the

claimant's past relevant work or any other substantial gainful work.  20 C.F.R. §

416.905(a).

At each step, the Commissioner may find a claimant either not disabled or

disabled.  20 C.F.R. § 416.920(a)(4).  If the claimant is found disabled, then the

process stops, and the determination is made.  20 C.F.R. § 416.920(a)(4).

However, step three to four, the Commissioner assesses residual function capacity

("RFC").  *Id.*  Then steps four and five the Commissioner evaluates the claimant's

claim.  *Id.*

At step one, the Commissioner considers the claimant's work activity and if

1    the Commissioner decides that the claimant is doing substantial gainful activity,

2    then the Commissioner will find the claimant is not disabled.  20 C.F.R. §

3    416.920(a)(4)(i).  Substantial gainful activity is both substantial and gainful work

4    activity.  20 C.F.R. § 416.972.  Substantial work activity means "doing significant

5    physical or mental activities" and may be done on a part-time basis, with less pay,

6    or less responsibility than before.  20 C.F.R. § 416.972(a).  Gainful work activity is

7    work done for pay or profit even if the profit is not realized.  20 C.F.R. §

8    416.972(b).  Put together, "[s]ubstantial gainful activity means work that—(a)

9    [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s

10    done (or intended) for pay or profit."  20 C.F.R. § 416.910.

11        At step two, the Commissioner considers the claimant's medical severity of

12    the claimant's impairment(s).  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does

13    not have either a physical or mental impairment that is severely medically

14    determinable, or a combination of impairments satisfying the requirements the

15    Commissioner will deem the claimant as not disabled.  20 C.F.R. §

16    416.920(a)(4)(ii).

17        At step three, the Commissioner continues to consider the claimant's

18    medical severity of claimant's impairment.  20 C.F.R. § 416.920(a)(4)(iii).  If the

19    claimant falls under one of the listings in appendix 1, fulfills this subpart, and the

20    durational requirement, then the Commissioner will determine the claimant as

disabled.  20 C.F.R. § 416.920(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work.  20 C.F.R. § 416.920(a)(4)(iv).  If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled.  20 C.F.R. § 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education, and work experience to settle on any possible adjustments to other work.  20 C.F.R. § 416.920(a)(4)(v).  If this is possible, then the Commissioner will rule that the claimant is not disabled.  However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled.  20 C.F.R. § 416.920(a)(4)(v).

Once a claimant proves that: "(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations", then the claimant must be found disabled.  *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)).  However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ...

she is not able to perform any work that she has done in the past.'" *Hoopai*, 499 F.3d at 1074 (quoting *Thomas,* 278 F.3d at 955). After the claimant establishes their prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Thomas,* 278 F.3d at 955).

## ALJ FINDINGS

Plaintiff has not worked since 2019. Tr. 19. Therefore, at step one, the ALJ agreed that Plaintiff did not work at a level of substantial gainful activity since October 27, 2021. Tr. 19.

At step two, the ALJ determined that Plaintiff had severe impairments including generalized anxiety disorder ("GAD"), major depressive disorder ("MDD"), attention deficit hyperactivity disorder ("ADHD"), personality disorder, alcohol and stimulant disorder and cannabis abuse disorder. Tr. 19. The ALJ found impairments stemming from the lasting effects of Bell's palsy, prostatitis and syphilis. Tr. 19. The ALJ did not find these impairments severe. *Id.*

At step three, the ALJ found that Plaintiff did not have either an impairment or combination of impairments that equal the severity required in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 20. For Plaintiff's ability to understand, remember and apply information, the ALJ found that this was a mild limitation. Tr. 20.

At step four, the ALJ found that Plaintiff had the residual functional capacity

to perform a full range of work at all exertional levels but with specific limitations. Tr. 22.  These limitations include that Plaintiff cannot perform repetitive routine simple tasks at a production pace and can only have incidental contact with public and occasional interactions with supervisors and coworkers. Tr. 22.  Furthermore, Plaintiff was deemed unable to perform any past relevant work.  Tr. 26.

However, the ALJ determined that it was reasonable that the medical conditions could cause the alleged symptoms. Tr. 23.  Nevertheless, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  Tr. 23.

At stage five, after reviewing Plaintiff's age, education, work experience and RFC, the ALJ determined that there are existing jobs in significant numbers in this economy that Plaintiff can perform.  Tr. 26-27.  For example, the ALJ suggests jobs including floor waxer, lab equipment cleaner and router.  Tr. 27.

## ISSUES

I.    Whether the ALJ reversibly erred when they rejected Plaintiff's symptom testimony.

II.   Whether the ALJ reversibly erred by not properly assessing the medical opinions.

III.  Whether the ALJ reversibly erred when they failed to consider all medical opinions in the record.

Plaintiff requests that if the requirements for the credit-as-true rule are met,

ORDER OF REVERSAL AND REMAND~ 7

that this case be remanded for benefits.  ECF No. 9 at 2.

## DISCUSSION

**I.    ALJ did not err when they rejected Plaintiff's symptom testimony with specific, clear and convincing reasons that were supported by substantial evidence.**

"'The credibility determination is exclusively the ALJ's to make,' and '[w]e are constrained to review the reasons the ALJ asserts.'"  *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (quotations and emphasis omitted).  When the ALJ determines the credibility of a claimant's subjective testimony, the ALJ uses a two-step process. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The first step requires the ALJ to "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir. 2007)).  The claimant only needs to "show that it could reasonably have caused some degree of the symptom."  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter,* 504 F.3d at 1035–36).

The second step states when the ALJ

determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's

ORDER OF REVERSAL AND REMAND~ 8

testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.

*Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations omitted).  In pursuant of this, the ALJ must "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted).  Determining the credibility of a claimant's testimony about the severity of symptoms allows considerations including things such as:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  However, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).  An error is harmless if it is "inconsequential to

1  the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting

2  *Carmickle,* 533 F.3d at 1162).  To effectuate this, the Court reviews the record as a

3  whole to determine whether the error altered the result of the case.  *Molina*, 674

4  F.3d at 1115.

5      Plaintiff argues that that the ALJ did not meet the standard for providing

6  specific, clear and convincing reasons.  ECF No. 9 at 4.  Plaintiff argues that the

7  ALJ ignored that his improvement was not sustained.  ECF No. 9 at 5.  In support,

8  Plaintiff refers to Plaintiff's inpatient dual treatment program reaching over several

9  months in January 2022.  *Id.*  Furthermore, Plaintiff alleges that the ALJ pointing

10  to two visits does not provide clear and convincing reasons for rejecting Plaintiff's

11  testimony when the ALJ ignores evidence that contradicts this.  ECF No. 9 at 7.

12  As a result, Plaintiff alleges the ALJ ignored evidence against the ALJ's findings

13  and wrongfully disregarded Plaintiff's testimony.  ECF No. 9 at 3-9.

14      Defendant states that Plaintiff's subjective claims of symptoms are

15  insufficient, and in fact, the ALJ is barred from granting benefits on those alone.

16  ECF No. 11 at 2.  Defendant states that the ALJ did acknowledge Plaintiff's

17  testimony and incorporated these limitations in Plaintiff's RFC.  *Id.*  However, the

18  objective medical evidence was not consistent with Plaintiff's claims of "disabling

19  symptoms and limitations."  ECF No. 11 at 4.

20      There was no finding of malingering.  The ALJ found that Plaintiff's claims

are not fully consistent with the medical evidence.  Tr. 23.  This is a sufficient reason to reject Plaintiff's testimony.  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (stating inconsistency or contradiction with a medical record is a sufficient reason to reject a plaintiff's testimony).

 Essentially, Plaintiff alleges that his improvement was not sustained, whereas Defendant agrees but argues that the failure for sustained improvement was because of Plaintiff's failure to adhere to treatment and moments of relapse.  ECF Nos. 9 at 7-9; 11 at 5-6.  In other words, the ALJ properly analyzed Plaintiff's testimony because it recognized these moments with present symptoms and provided reasons for discounting it.  Tr. 23-24.  For example, Plaintiff supports his argument by referring to evidence of present symptoms during a November 2023 visit.  ECF No. 9 at 7-8.  The ALJ references this visit stating that Plaintiff "indicated that he was doing well and indicated his mood was no longer hopeless." Tr. 23.  Additionally, the ALJ states that he had "intact orientation, fair memory, euthymic mood, and no indications of psychosis."  Tr. 23-24.  However, the ALJ later recognizes "minimal symptoms" and "mostly benign signs on mental status examination" when Plaintiff was complaint with his treatment.  Tr. 25.

The ALJ continues referencing stated periods of improvement while also stating that this period had times of relapse or failure to stay compliant with treatment.  Tr. 24.  The ALJ stated "[a]ccordingly, the above medical evidence

demonstrates that the claimant has experienced improvement when compliant with his treatment regimen and while abstaining from substance abuse."  Tr. 24; *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability.") (citing *See* 20 C.F.R. §416.920a(c)(1)).  Even more, the ALJ still recognized difficulties during the periods of failed compliance or relapse.  Tr. 24.  The ALJ recognized "the increased symptoms that the claimant experiences when abusing illicit substances and/or when noncompliant with his treatment regimen."  Tr. 24.  Even more, in response to Plaintiff's increased symptoms, the ALJ noted that Plaintiff "would be limited to simple, routine, and repetitive tasks" "characterized by limited social interactions."  Tr. 24.

Furthermore, the ALJ continued to provide clear and convincing reasons to discount Plaintiff's testimony with reference to specific parts of the testimony.  Tr. 23-25.  Defendant states that Plaintiff recognized his ongoing depression symptoms, but alleged that he went to the library, was reading a book series and denied ideations of suicide.  Tr. 24.  Even more, Defendant noted that Plaintiff lived alone and did not have a license, however, he did go to the public library, used his bike or public transportation to engage in the community, plays video games and goes to the theater with his mother.  Tr. 24.

Accordingly, the ALJ presented substantial evidence for his decisions and

meets the standard for clear and convincing reasons.  The ALJ may discount testimony or evidence during times for failure to comply with treatment and where Plaintiff's daily activities suggest otherwise.  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Even if the claimant experiences some difficulty or pain, [his] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'") (quoting *Molina*, 674 F.3d at 1113); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (stating that "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities" are relevant used in deciding a claimant's credibility).  While Plaintiff alleges a different interpretation, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  As a result, there is no legal error identified.

## II.    The ALJ properly rejected the medical opinions.

Under 20 C.F.R. § 416.920c, the ALJ's guidelines for how to consider and articulate medical opinions and prior administrative medical findings are established.  The new regulations focus on supportability and consistency when evaluating the persuasiveness of an opinion.  *Woods*, 32 F.4th at 791.  Supportability "means the extent to which a medical source supports the medical

opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)). On the other hand, "consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). While these refer to 20 C.F.R. § 404.1520c, the language is essentially identical for 20 C.F.R. § 416.920c. Essentially, the ALJ must explain the persuasiveness of all the medical opinions from each physician or possible other source. *Woods*, 32 F.4th at 792. Additionally, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

For the durational requirements, 20 C.F.R. § 416.909 states that the impairment must be expected to result in death, or in the alternative, "it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909.

a. Thomas Genthe, Ph.D.

The ALJ found Thomas Genthe's opinion from August 31, 2021, not persuasive regarding particular limitations of Plaintiff because it did not meet the durational threshold as listed under 20 C.F.R. § 416.909. Tr. 25. Nevertheless, the ALJ did find his opinion persuasive about the expected duration of his

impairments. Tr. 25. The ALJ states Plaintiff's "problems should not last longer than twelve moths" because the objective medical evidence shows improvement when the Plaintiff receives and participates in "mental health medications, counseling, and other behavioral treatment. Tr. 25.

Plaintiff argues that the ALJ's finding that these limitations would last 9-12 months and did not meet the durational requirement was error because the durational threshold requires them to last for at least 12 months not longer. Plaintiff continues that Genthe's opinion of improvement "no less than 9-12 months" is at least 12 months and it is a floor not a ceiling. ECF No. 9 at 13-14; Tr. 1407. Plaintiff continues that the ALJ did not cite to the record about evidence that improvement followed. ECF No. 9 at 14. In fact, the opposite is true from Dr. Morgan's August 2023 opinion. *Id.*

The ALJ properly rejected Thomas Genthe's opinion. The ALJ stated why the opinion was not persuasive because it did not meet durational requirements provided in 20 C.F.R. § 416.909. Tr. 25. Furthermore, the ALJ did find Genthe's partly persuasive about Plaintiff's problems likely not lasting more than 12 months. Tr. 25. Regarding the ALJ's finding that it did not meet the durational requirement, it is a reasonable interpretation because it could reach 12 months but also could not, therefore, not meeting the requirement. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (stating the ALJ's reason must be upheld when there is

1  one or more possible reasonable interpretation).  Therefore, the low burden for

2  substantial evidence is met.

3       The ALJ cites to Genthe's opinion but not where the medical evidence

4  established improvement after treatment.  Tr. 25.  However, as previously

5  discussed, the ALJ referenced times where he was receiving treatment and reported

6  minimal symptoms.  Tr. 25.  While the Court cannot assume the ALJ's decision

7  and the ALJ should cite continuously, the Court recognizes this conclusion was

8  made previously with citations in the ALJ's findings.  Tr. 25.  Accordingly, this

9  would not result in a legal error and even if it did, it would be harmless in the view

10 of the entire record.  Especially considering the ALJ made the same conclusion

11 earlier in his report and provided appropriate citations. Tr. 24-25.

12      Furthermore, Plaintiff argues that the improvement did not continue and

13 extended past 12 months based on Dr. Morgen's August 2023 opinion.  ECF No. 9

14 at 14.  However, the ALJ did not find this opinion persuasive for the reasons

15 discussed below.  Tr. 25.

16      <u>b. David T. Morgen, Ph.D. Consultant</u>

17      Plaintiff states that the ALJ's reasons for discounting Morgen's opinion

18 were erroneous.  ECF No. 9 at 16.  Plaintiff states that reflecting minimal

19 symptoms when following treatment, and the support of other medical records

20 "does not reflect [claimant]'s general presentation."  ECF No. 9 at 16.  Plaintiff

1  states the ALJ's second reason for rejecting Morgen's opinion was not supported

2  by an evidentiary basis.  ECF No. 9 at 18-19.

3    Plaintiff states that the ALJ's reliance on two visit notes are not sufficient

4  reasons because Plaintiff entered an inpatient treatment for mental health and

5  substance abuse.  ECF No. 9 at 17.  However, as previously discussed, the ALJ

6  recognized limitations during Plaintiff's failure to continue treatment or relapse

7  and this fact may still be discounted for the same reason.  *Wellington v. Berryhill*,

8  878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment

9  successfully relieving symptoms can undermine a claim of disability.") (citing 20

10  C.F.R. § 416.920a(c)(1)).

11    The ALJ found David T. Morgen's opinion unpersuasive for the period since

12  October 27, 2021.  Tr. 25.  Additionally, the ALJ found that when Plaintiff was

13  following his treatment, he showed only minimal symptoms during a mental

14  examination.  TR. 25.  Moreover, the ALJ found Morgen's opinion unpersuasive

15  because he did not have access to the medical records that were available to the

16  ALJ and DDS and instead relied on Genthe's report and Plaintiff's subjective

17  testimony.  Tr. 25.

18    As stated previously, the ALJ must discuss supportability and consistency

19  factors.  The ALJ's reasoning is supported by substantial evidence and the ALJ

20  provided reasons for not finding Morgen's opinion persuasive.  Plaintiff showed

1   limited symptoms when receiving treatment.  Tr. 25.  The ALJ is allowed to

2   discount evidence when a claimant is not following treatment plans where

3   treatment has been successful.  *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th

4   Cir. 2017).

5       Additionally, the ALJ properly rejected the medical opinion for relying on

6   Plaintiff's discounted subjective testimony.  Tr. 25.  Furthermore, the reliance on

7   the Plaintiff's subjective testimony and Genthe's report was consistent with 20

8   C.F.R. § 416.920c(c)(1) in evaluating the supportability factor.  ECF No. 11 at 18.

9   This is a reasonable interpretation.

10      For these reasons, the ALJ's decision is supported by substantial evidence

11  and must not be disrupted simply because Plaintiff provides a different

12  interpretation.  Again, although additional references to the record and more

13  specific reasoning would have been ideal, the ALJ did not fail to provide sufficient

14  reasoning. Therefore, the Plaintiff has not identified legal errors.  Most of the

15  arguments Plaintiff makes regarding his alleged failure to improve, despite the

16  ALJ's references to evidence that shows he had improved, are based on Plaintiff's

17  subjective reports to physician's rather than objective medical evidence.

18  ### III.    The ALJ erred when they failed to consider all medical opinions

19              in the record.

20      Plaintiff alleges the ALJ did not consider all medical evidence.  ECF No. 9

at 20.  Plaintiff states that the ALJ did not consider the visit notes from Dick Moen, M.S.W., and that it is considered a medical opinion.  ECF No. 9 at 20.  Defendant does not oppose this.  ECF No. 11.  However, Defendant states that the ALJ considered these notes, found them unpersuasive, and therefore was not required to address them.  ECF No. 11 at 18.  In further support, Defendant provides that the "statements predate the filing date by almost a decade."  ECF No. 11 at 18.  Plaintiff responds that this assessment was wrong and a harmful legal error.  ECF No. 12 at 5.

Moen's report considers the effect of some of Plaintiff's determined severe limitations such as anxiety and depression.  Tr. 19.  Moen's first exam from 2010 states Plaintiff has anxiety and depression and at times the depression is overwhelming.  Tr. 1060.  Also, that his anxiety led him to forget what was asked and that he cannot hold a job.  Tr. 1060.

Moen's comprehensive healthcare plan from 2011 states Plaintiff was "nervous" and "fidgeting."  Tr. 843.  Plaintiff started guessing at answers and Moen concluded that his anxiety and depression were not well-controlled.  Tr. 843.  Furthermore, Moen states that Plaintiff could not "handle the pressure of holding a job."  Tr. 843.

As the Ninth Circuit clearly stated, "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or

inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).   The ALJ is required to "articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."  20 C.F.R. § 416.920c; *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (stating a similar conclusion but in reference to 20 C.F.R. § 404.1520c(b)).

In Defendant's brief, he explains why the ALJ did not consider Moen's opinion as persuasive, however, the ALJ still had the duty to address whether it was persuasive and explain the supportability and consistency factors.  20 C.F.R. § 416.920c.  Defendant argues that the ALJ did not need to address Moen's statements because they were not valuable or persuasive and cites numerous Washington District Court cases.  ECF No. 11 at 18-19.  However, in many of these cases, the ALJ's provided insufficient reasons and did not completely exclude the opinion.  *See Maia B. v. Comm'r of Soc. Sec.*, 2025 WL 1929132, at *5 (W.D. Wash. July 14, 2025); *Sarah E. v. Comm'r of Soc. Sec.*, No. C22-5121-MAT, 2022 WL 4315684, at *5 (W.D. Wash. Sept. 19, 2022), *aff'd sub nom. Eichenberger v. Kijakazi*, No. 22-35937, 2023 WL 5928483 (9th Cir. Sept. 12, 2023).  However, the Court is limited to the ALJ's findings.  Without express findings, the Court cannot consider the ALJ's findings for Moen.  The Court cannot make a determination because the record is not complete.

For those reasons, this is not a harmless error. If "in light of the record-supported reasons supporting the adverse credibility finding we can conclude that the ALJ's error did not 'affect[ ] the ALJ's conclusion' then the error is harmless." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1168 (9th Cir. 2008) (quoting *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004)). Looking at the entire record, it is unclear if this medical opinion would change the ALJ's conclusion because the record is not complete. The Court cannot rely on findings that are not stated in the ALJ's findings regardless of the persuasiveness of the arguments. *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (stating that the ALJ must make the credibility determinations and the Court is limited to the reasons the ALJ provides).

The ALJ provided sufficient evidence and an explanation for their denial of most of the issues. However, after reviewing all the evidence, the failure to address Moen's medical opinion was not harmless because this Court cannot effectively review the record. Review of the medical opinion may affect the analysis. *Dixon v. Saul*, 411 F. Supp. 3d 837, 852 (N.D. Cal. 2019) ("Although the ALJ may still reject these opinions on remand, if he provides specific and legitimate reasons supported by substantial evidence, if they are credited, they could affect the remaining analysis.").

If the requirements for the credit-as-true rule are met, Plaintiff requests that

1   this case be remanded for an award of benefits.  ECF No. 9 at 2.  Remand for

2   immediate award of benefits is appropriate

3       if (1) the ALJ failed to provide legally sufficient reasons for rejecting
        the evidence; (2) there are no outstanding issues that must be resolved
4       before a determination of disability can be made; and (3) it is clear from
        the record that the ALJ would be required to find the claimant disabled
5       were such evidence credited.

6   *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted).  While

7   the ALJ did not provide sufficient reasons for rejecting Moen's medical opinion,

8   and other issues appear to be resolved, it is not clear that the ALJ would be

9   required to find Plaintiff disabled with the evidence credited.  This is only one

10  medical opinion with many other opinions, the Court cannot predict the ALJ's

11  outcome.  Therefore, an order to remand to complete the record is appropriate.

12  *Benecke*, 379 F.3d at 593 ("Remand for further administrative proceedings is

13  appropriate if enhancement of the record would be useful.").

14      Upon remand, the ALJ shall assess Moen's medical opinion and any other

15  necessary opinions, reassess accordingly, and conduct the sequential evaluation to

16  issue a new decision with sufficient articulated reasons as provided under 20

17  C.F.R. § 416.920c.

18  /

19  /

20

ORDER OF REVERSAL AND REMAND~ 22

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 9) is **GRANTED in part.**

2. Pursuant to 42 U.S.C. § 405(g), this action is **REVERSED and REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Plaintiff, furnish copies to counsel, and **CLOSE** the file.

DATED January 30, 2026.



THOMAS O. RICE
United States District Judge